10/23/2023 2:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80869206
By: SHANNON NORTH-GONZALEZ
Filed: 10/23/2023 2:14 PM

CAUSE NO. 2023-63965

| | | |
|---|---|---|
| TRAKEIA WHITE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PALWINDER SINGH and HUNDAL FREIGHT, INC., | § | |
| | § | |
| *Defendants*. | § | 234th JUDICIAL DISTRICT |

### DEFENDANTS PALWINDER SINGH AND HUNDAL FREIGHT, INC.'S ORIGINAL ANSWER

To the Honorable Judge of this Court:

COME NOW Defendants, Palwinder Singh and Hundal Freight, Inc., and file this Original Answer to Plaintiff's Original Petition and respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.  Defendants deny each and every allegation of Plaintiff's Original Petition and demand strict proof thereof as required by the Texas Rules of Civil Procedure. Defendants assert a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and request that Plaintiff be required to prove the charges and allegations against said Defendants by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.  Without assuming the burden of proof, Defendants plead the following affirmative defenses:

3.  Defendants assert that Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including

**EXHIBIT 4**

without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling party, and responsible third party that may be joined in this suit.

4. Defendants assert that Plaintiff engaged in negligent acts and/or omissions that proximately caused the alleged injuries and damages. As such, Defendants request that the trier of fact determine Plaintiff's percentage of responsibility pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003. Defendants seek a reduction of any damages that may be awarded against it by the percentage of responsibility found by the jury as to Plaintiff, settling parties, responsible third parties, and/or anyone else.

5. Defendants affirmatively plead that Plaintiff's damages, if any, were solely caused by the conduct of other parties or, alternatively, that the conduct of other parties was an intervening cause of Plaintiff's damages. Therefore, Defendants are not liable for such damages.

6. Defendants assert that Plaintiff's claim for prejudgment interest is limited by the dates and amounts set forth in Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

7. Defendants assert that Plaintiff can only recover damages for medical expenses that were actually paid or incurred by or on their behalf as a result of the incident made the basis of this suit. TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.0105.

8. Defendants assert that if Defendants are found liable for exemplary damages, those damages must be capped under the Texas Damages Act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

9. Defendants assert their right to a settlement credit obtained by Plaintiff from any settling party pursuant to § 33.012 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

10.     Defendants affirmatively assert that the medical treatment claimed by Plaintiff is excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by the accident made basis of this lawsuit.

11.     Defendants affirmatively assert that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.

12.     Defendants invoke section 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in form of a net loss after reduction for income tax payments or unpaid tax liability. Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to the federal or state income taxes.

13.     Defendants assert that Plaintiff's claims are barred, in whole or in part, due to new and independent causes.  Defendants are not liable to Plaintiff because Plaintiff's damages, if any, were caused by the acts or conduct of third parties for which Defendants had no control or right of control and for whom Defendants have no responsibility.

14.     Defendants affirmatively assert that Plaintiff has failed to mitigate his damages. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the claimed damages.

## III.
## AMENDMENT OF ANSWER

15.  Defendants hereby reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

### REQUEST FOR RELIEF

WHEREFORE Defendants request that Plaintiff take nothing by this suit, that Defendants have judgment for their costs in this proceeding, and that the Court grant Defendants all such other relief, both general or special, in law or equity, to which it may show itself to be justly entitled.

        Respectfully Submitted,
        WOOD, SMITH, HENNING & BERMAN, LLP

        */s/Daniel J. Paret*
        Daniel J. Paret, State Bar No. 24088181
        Samuel Velasquez, State Bar No. 24134517
        14860 Landmark Blvd, Suite 120
        Dallas, Texas 75254
        Phone No. 469-210-2050
        Fax No. 469-210-2051
        dparet@wshblaw.com
        svelasquez@wshblaw.com
        ***Attorneys for Defendant***
        ***Palwinder Singh and Hundal Freight, Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of October 2023, a true and correct copy of Defendant Unified Intermodal Transport, Inc.'s Original Answer was served on all counsel of record.

        */s/Daniel J. Paret*
        Daniel J. Paret

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Callie Arriola on behalf of Daniel Paret
Bar No. 24088181
carriola@wshblaw.com
Envelope ID: 80869206
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants Palwinder Singh and Hundal Fright, Inc's Original Answer
Status as of 10/23/2023 2:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dwaine Morris Massey | 791199 | dmassey@masseytrial.com | 10/23/2023 2:14:03 PM | SENT |
| Christopher Godine | 24095393 | CDG@godinelaw.com | 10/23/2023 2:14:03 PM | SENT |
| Julie Ramanampamonjy | | jramanampamonjy@masseytrial.com | 10/23/2023 2:14:03 PM | SENT |
| Texas Docket | | texasdocket@wshblaw.com | 10/23/2023 2:14:03 PM | SENT |
| Natalie LeDe | | nlede@wshblaw.com | 10/23/2023 2:14:03 PM | SENT |
| Daniel J.Paret | | dparet@wshblaw.com | 10/23/2023 2:14:03 PM | SENT |
| Samuel Velasquez | | savelasquez@wshblaw.com | 10/23/2023 2:14:03 PM | SENT |
| Callie Arriola | | carriola@wshblaw.com | 10/23/2023 2:14:03 PM | SENT |